UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-CV-20495-PAS

CENTER FOR BIOLOGICAL DIVERSITY,
BAT CONSERVATION INTERNATIONAL,
MIAMI BLUE CHAPTER OF THE NORTH
AMERICAN BUTTERFLY ASSOCIATION, and
TROPICAL AUDUBON SOCIETY,

    Plaintiffs,

v.

DEBRA HAALAND, in her official capacity as
Secretary of the U.S. Department of the Interior;
U.S. DEPARTMENT OF THE INTERIOR;
CHARLES F. SAMS III, in his official capacity
as Director of the National Park Service;
and NATIONAL PARK SERVICE,

    Defendants,

and

MIAMI-DADE COUNTY,

    Defendant-Intervenor.
_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

THIS MATTER is before the Court on Defendant-Intervenor Miami-Dade County's ("the County") Motion for Leave to File Third-Party Complaint [DE 39]. The Proposed Third-Party Complaint seeks to rescind the County's lease ("the Lease") with non-party Miami Wilds, LLC ("Miami Wilds") for County-owned property near the Miami Zoo. DE 39 at 11–22. Miami Wilds opposes the Motion [DE 39 at 9], while Federal Defendants take no position [DE 41]. Plaintiffs do not outright oppose the

1

Motion, but "request that the Court consider potential delay, prejudice, and unnecessary complication of Plaintiffs' original claims." DE 42 at 1–2.

The Court has considered the Motion, the parties' Responses, the County's Reply [DE 46], and the record. The County's Proposed Third-Party Complaint does not articulate any legal liability to Plaintiffs that will be assuaged by making Miami Wilds a party to the main action, which is a challenge to an administrative agency's admitted failure to comply with the statutory process. Moreover, the Motion is untimely, will delay the main action which is nearly ripe for review on Cross-Motions for Summary Judgment [DE 37; DE 47], and add unnecessary complication to the main claims, and litigation costs. Therefore, the Motion must be DENIED.

I. BACKGROUND

Plaintiffs' suit challenges the legality of the June 2022 agreement ("the Agreement") between the National Park Service ("NPS") and the County that released land-use restrictions on land in and around Zoo Miami. Plaintiffs claim that this Agreement and the accompanying release ("NPS Release") were unlawful because NPS did not complete an Endangered Species Act ("ESA") Section 7(a)(2) consultation or undertake a National Environmental Policy Act ("NEPA") review before entering the Agreement and NPS Release. DE 1 ¶¶ 119, 120. Plaintiffs also allege that the Agreement and NPS Release paved the way for the development of the Miami Wilds waterpark, hotel, and retail area ("the Project"), which will likely adversely affect several federally endangered and threatened species. *Id.* ¶¶ 1, 85. Plaintiffs seek to set aside the Agreement and NPS Release. *Id.* at 25.

Federal Defendants admit that they did not complete the requisite NEPA review and that they did not complete an ESA Section 7(a)(2) consultation with the U.S. Fish and Wildlife Service prior to entering the Agreement and NPS Release. DE 25 ¶¶ 134, 140. They also state that the Court has equitable discretion to vacate the Agreement as a remedy for these failures and any disruptive effects of such would not outweigh the agency's deficient decision-making process because Miami Wilds is not authorized to begin work until environmental reviews are completed. DE 47 at 16–17.

The parties to the main action did not oppose the County's oral motion to intervene in this suit as a Defendant and the Court set the case management dispositive motion briefing schedule to accommodate the Miami-Dade County Board of County Commissioners' ("the Board") September 6 vote on whether to approve an agreement to rescind the NPS Release and an agreement to amend the Lease with Miami Wilds. DE 34 at 19:14–25:16; DE 39 at 3 ¶10. However, the September 6 vote was deferred to September 19, and at that meeting, it was deferred again to December 12. DE 39 at 3 ¶¶ 10, 11; DE 42 at 2. It was three days after the September 19 deferral and 84 days after its original Answer [DE 30] that the County filed its Motion for Leave to File a Third-Party Complaint.

The County's Motion alleges that the validity of the NPS Release is an essential precondition to the Miami Wilds Lease. DE 39 at 3 ¶ 8. Thus, the County seeks in its Proposed Third-Party Complaint to rescind the Miami Wilds Lease based on: (1) a mutual mistake, (2) the impossibility of performing the Lease, (3) and the frustration of the Lease's purpose (i.e., the Project). *Id.* at 17 ¶ 36, 18 ¶ 38, 19 ¶ 43.

In reply to Plaintiffs' concerns of delay and complication of the main claims, the County proposes that the third-party claims, if allowed, be managed on a different schedule than Plaintiffs' claims.[1] DE 46 at 3–4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14(a)(1) governs third-party practice as to a defending party. It states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The rule adds, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* Whether a third-party defendant may be impleaded under Rule 14 is a question addressed to the sound discretion of the trial court. *Daniec v. Boatarama, Inc.*, 2019 WL 13235820, at *2 (S.D. Fla. Aug. 7, 2019) (Ungaro, J.).

Rule 14(a) allows a defendant to assert a claim against a nonparty to the main action only if that nonparty's liability on the third-party claim depends on the outcome of the main claim. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). The impleaded third party must necessarily be liable to the defendant for all or part of the primary plaintiff's recovery, or the defendant must attempt to pass on to the impleaded third party all or part of the liability asserted against the defendant. *S.E. Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975).[2] Thus, impleader is successfully used when the basis for the third-party claim is indemnity, subrogation, or

---

[1] This proposal underscores the disparate nature of the two sets of claims.
[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all prior decisions of the former Fifth Circuit.

contribution. 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1446 (3d ed. 2008). When a defendant's claim is separate and independent from the plaintiff's main claim, it may not be asserted in a third-party complaint. *Daniec*, 2019 WL 13235820, at *2. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough. Wright & Miller, § 1446.

When deciding whether to grant a Rule 14(a)(1) motion, the Court first considers the substantive requirements of the rule as stated above. Then, the Court may consider the following factors: (1) whether the third-party claims will prejudice the plaintiff; (2) the risk of unduly complicating the issues or unnecessarily delaying resolution of the case; (3) the timeliness of the motion; (4) the additional expense the parties may incur on account of the claim; and (5) whether the claim has merit. [3] *Edelsberg v. Brea Fin. Group, LLC*, 2019 WL 13067432, at *2 (S.D. Fla. Mar. 14, 2019) (Dimitrouleas, J.).

III. DISCUSSION

The County has not cleared the first hurdle under Rule 14(a)(1), as it has not shown that Miami Wilds may be liable to the County for any claim against it in Plaintiffs' action. A valid NPS Release may be a material and necessary precondition for the Miami Wilds Lease, and Plaintiffs' claims and the potential third-party claim can be said to be related in that sense. However, this does not mean that the County will pass onto Miami Wilds any liability for Plaintiffs' claims, unlike cases involving

---

[3] The County's Proposed Third-Party Complaint also seeks to invoke the Court's supplemental jurisdiction, as Miami Wilds is a non-diverse entity and the alleged third-party claim for rescission of the Lease arises under state law. DE 39 at 12 ¶ 9, 15 ¶ 25. Even if the County satisfied Rule 14(a)(1) and the alleged state law claim were related to the federal claims, the Court would decline to exercise supplemental jurisdiction, because the state law claim would substantially predominate over the existing federal claims. 28 U.S.C. § 1367(c)(2).

subrogation, contribution, or indemnity.  In fact, the County has *no* legal liability it can transfer to Miami Wilds, because Plaintiffs' claims are not against the County.  The County's role in the main case is limited to that of a permissive Defendant-Intervenor.

Moreover, the allegations underlying the two sets of claims are starkly different.  The County's Proposed Third-Party Complaint alleges that there was a mutual mistake in entering the Lease, making the performance of the Lease impossible, and frustrating the purpose of the Lease.  On the other hand, the original Plaintiffs allege that Federal Defendants failed to complete the ESA consultation and the NEPA environmental review.

Even if the County cleared its substantive hurdle, its Motion is not timely.  Plaintiffs filed their Complaint approximately eight months ago and Federal Defendants first admitted their failure to complete the NEPA environmental review and ESA consultation close to four months ago.  DE 1; DE 20 at 5–6.  The Court granted the County's Motion to Intervene more than three months ago.  DE 29 at 1.

The County's potential state law claim for rescission of the Lease may be meritorious and this Court may, in the main suit, become familiar with facts relevant to the County's claim.  However, that does not mean the County's proposed path would favor judicial economy or spare the parties unnecessary litigation expenses.

Making Miami Wilds a party to this action at this late stage will unnecessarily delay the resolution of Plaintiffs' federal claims.[4]  Federal Defendants' admission of

---

[4] The County states in its Certificate of Conferral that Miami Wilds opposes the County's Motion but does not lay out the basis for the opposition.  DE 39 at 9.  In analyzing a Rule 14 motion, a court must also consider any prejudice to the impleaded party.  *See Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956).

their failure to comply with ESA and NEPA presents a focused path forward for this case. Plaintiffs and Federal Defendants have filed Cross-Motions for Summary Judgment, and the main action is nearly ripe for review. In contrast, the County seeks to litigate an anticipated need to rescind the Miami Wilds Lease later, if the NPS Release is vacated in the main action. The allegations in the County's Proposed Third-Party Complaint will require discovery on separate and distinct claims. The main case is limited to the administrative record. As such, granting the County leave to file a third-party state law claim and managing the third-party claims on a different schedule than Plaintiffs' claims would needlessly add to the circuity.

Thus, because the untimely potential third-party state law claim is separate and distinct from Plaintiffs' claims, could cause a delayed resolution of the main suit, increase costs, and would require the Court to exercise supplemental jurisdiction, which it would decline to do, it is

ORDERED that Defendant-Intervenor Miami-Dade County's Motion for Leave to File Third-Party Complaint [DE 39] is DENIED.

DONE AND ORDERED in Miami, Florida, this 13th day of October, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   The Honorable Lisette M. Reid
      Counsel of Record